JAMES W. CRAIN, plaintiff in error *v.* DAVID BAILEY, JOHN SUMMERS, SETH WILSON, ENOS COLDREN, and NATHAN DILLON, defendants in error.

*Error to Tazewell.*

In appeals from the Probate Court to the Circuit Court, the statute requires that the appeal bond shall be made payable to the People of the State of Illinois. A bond payable to the appellee, is not in compliance with the statute.

As the statute makes no provision for amending the bond, or for filing a new bond, in the case of a defect in the bond filed on appeal from the Probate Court, an application so to do, is necessarily addressed to the discretion of the Court, and the manner of the exercise of that discretion, cannot be assigned for error.

*Quere,* Whether the Circuit Court cannot, in its discretion, authorize the amendment of an appeal bond, in case of an appeal from the Probate Court.

The rule is well settled, that error cannot be assigned for the refusal of a Court to grant a motion addressed to its discretion.

UPON application of the defendants in error, who were sureties for the plaintiff in error, as executor of the estate of Lewis F. Crain, deceased, the Court of Probate of Tazewell county re-

(1) 1 Tidd's Prac. 693-4, 2d American, from the 8th London Edition; 1 Chit. Plead. 405.

voked the letters testamentary granted to said executor. The plaintiff in error excepted to the opinion of the Court of Probate, and appealed to the Circuit Court. The appeal bond was made payable to the defendants in error.

At the May term, 1836, of the Tazewell Circuit Court, the Hon. Stephen T. Logan presiding, the defendants in error moved the Court to dismiss the appeal, because the appeal bond was made payable to the appellees, instead of to the People of the State of Illinois. The plaintiff in error moved the Court for leave to amend the bond by making it conform to the requisitions of the statute, or to give a new bond *nunc pro tunc*, in conformity to the statute as to the requisites of the bond. The Court refused to allow the appellant either to amend the appeal bond, or to file a new bond, and dismissed the appeal, and awarded a writ of *procedendo* to the Court below. The plaintiff in error excepted to the opinion of the Circuit Court, and tendered his bill of exceptions, which was signed and sealed by the judge.

DAN STONE and CYRUS WALKER, for the plaintiff in error.

O. H. BROWNING and ROBERT STUART, for the defendants in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

This cause was brought into the Circuit Court of Tazewell county by appeal from the decision of a Judge of Probate. The following errors are relied on to reverse the judgment of the Circuit Court, to wit: That the Circuit Court refused to permit Crain, the appellant in the Circuit Court, to amend the appeal bond, or file a new bond; and that the Court dismissed the appeal. It appears, by the record, that the appeal bond was made payable to Bailey and others, and not to the People of the State. By the 136th section of the act entitled " *An Act relative to Wills and Testaments, Executors and Administrators, and the Settlement of Estates,*"(1) it is declared, that " The party appealing shall at the time of taking such appeal, file with the Judge of Probate, a bond with good security, payable to the People of the State, conditioned to prosecute his appeal and pay all costs, should the judgment be affirmed; and said bond may be put in suit by and for the use of the party entitled to such costs." The statute makes no provision to amend the bond, or file a new bond, in case an insufficient one is filed. The bond executed in this case, was not in conformity with the statute. Without power in the Court to dismiss an appeal brought without filing any bond, or such a bond as the act requires, the statute could be completely evaded. The Circuit Court consequently possesses the power to dismiss an appeal, in order to prevent

(1) R. L. 654; Gale's Stat. 719.

parties from prosecuting appeals in a mode different from that pointed out in the statute. Whether the Circuit Court could not, in its discretion, have authorized a new bond to be filed, or an insufficient bond amended, is not a question before this Court. As the statute makes no provision for amending the bond, or filing a new bond, the application to be permitted to do so, was necessarily addressed to the discretion of the Court; and the rule is well settled, that error cannot be assigned for the refusal of a court to grant a motion addressed to its discretion.

The judgment, therefore, of the Circuit Court, must be affirmed with costs.

*Judgment affirmed.*

*Note.* See the case of Swafford *v.* The People, *Ante* 289; Dedman *v.* Barber, *Ante* 254.